**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL W. SWOOPES, | No. 11-16918 |
| Petitioner - Appellant, | D.C. No. 4:93-cv-00471-DCB |
| v. | |
| CHARLES L. RYAN; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted August 11, 2014[**]
San Francisco, California

Before: SILVERMAN and CLIFTON, Circuit Judges, and WATSON, District
Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Derrick Kahala Watson, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

Arizona state prisoner Samuel Swoopes appeals the district court's July 21, 2011 order denying his petition for writ of habeas corpus. We review *de novo*, *see*, *e.g.*, *Carrera v. Ayers*, 699 F.3d 1104, 1106 (9th Cir. 2012) (en banc), and we reverse and remand.

Swoopes filed his original federal petition in 1993, before the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Review of Swoopes' petition is accordingly governed by the pre-AEDPA standard of review. *See*, *e.g.*, *Sivak v. Hardison*, 658 F.3d 898, 905 (9th Cir. 2011). The district court, however, applied the AEPDA standard, and denied relief, finding that the state court did not unreasonably apply federal law. *Compare* 28 U.S.C. § 2254(d)(1) (1996) *with* 28 U.S.C. § 2254(d) (1966). Under the pre-AEDPA standard, while a federal habeas court does not defer to state courts' ultimate determination of mixed questions of law and fact, such as questions of harmlessness, it usually does defer to the factual findings underlying such determinations. *See, e.g.*, *Mayfield v. Calderon*, 229 F.3d 895, 901 (9th Cir. 2000). Because the district court applied the incorrect standard to its analysis of the petition, we reverse and remand for

consideration by the district court, in the first instance, of petitioner's claims under the appropriate standard.[1]

**REVERSED and REMANDED.**

---

[1] We decline to expand the certificate of appealability. The uncertified issues are not before us and are not subject to this remand.